```
ERSKINE & TULLEY
A PROFESSIONAL CORPORATION
MICHAEL J. CARROLL (STATE BAR #50246)
220 Montgomery Street, Suite 303
San Francisco, CA 94104
Telephone:   (415) 392-5431
Facsimile:   (415) 392-1978

Attorneys for Plaintiff
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE PRINTING SPECIALTIES AND PAPER PRODUCTS JOINT EMPLOYER AND UNION HEALTH AND WELFARE FUND, <br><br>  Plaintiff, <br><br> vs. <br><br> AMCOR SUNCLIPSE NORTH AMERICA, a California Corporation, doing business as SILICON VALLEY CONTAINER <br><br>  Defendant. | NO. C 07 4110 JCS <br><br> COMPLAINT |

Plaintiff complains of defendant and for a cause of action alleges that:

1.  Jurisdiction of this Court is founded upon Section 301(c)(1) of the National Labor Relations Act of 1947 [29 U.S.C. §185(a)] and Section 502 of the Employee Retirement Income Security Act of 1974, said Act being hereinafter referred to as "ERISA" (29 U.S.C. §1132), in that defendant has violated a collective bargaining agreement and certain Trust Agreements, thereby

COMPLAINT                                                                 1

1  violating provisions of ERISA and the provisions of the National
2  Labor Relations Act of 1947.  This action is also brought pursuant
3  to the Federal Declaratory Judgment Act (28 U.S.C. § 2201 et seq.)
4  in a case of actual controversy between plaintiff and defendant,
5  and for a Judgment that defendant pay fringe benefit contributions
6  in accordance with its contractual obligations.

7       2.   Plaintiff, BOARD OF TRUSTEES OF THE PRINTING
8  SPECIALTIES AND PAPER PRODUCTS JOINT EMPLOYER AND UNION HEALTH AND
9  WELFARE FUND, (hereinafter "TRUST FUND"), named in the caption, are
10 trustees of an employee benefit plan within the meaning of §§3(1)
11 and (3) and §502(d)(1) of ERISA, 29 U.S.C. §1002(1) and (3) and
12 §1132(d)(1), and a multi employer plan within the meaning of
13 §§3(37) and 515 of ERISA, 29 U.S.C. §§1002(37) and §1145.  Said
14 TRUST FUND is authorized to maintain suit as an independent legal
15 entity under §502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

16      3.   Plaintiff is informed and believes and thereupon
17 alleges that defendant, AMCOR SUNCLIPSE NORTH AMERICA, a California
18 Corporation, doing business as SILICON VALLEY CONTAINER, is found
19 and is doing business in this judicial district.

20      4.   Each and every defendant herein is the agent of each
21 and every other defendant herein.  Defendant and each of them are
22 engaged in commerce or in an industry affecting commerce.

23      5.   At all times pertinent hereto defendant was bound by
24 written collective bargaining agreements with Graphic
25 Communications Union District Council No. 2, a labor organization
26 in an industry affecting commerce.  The aforesaid agreements
27 provide that defendant shall make contributions to the TRUST FUND
28 on behalf of defendant's employees on a regular basis on all hours

COMPLAINT                                                          2

worked, and that defendant shall be bound to and abide by all the provisions of the Trust Agreements.

6. The Trust Fund relies upon a self reporting system. Defendant has unique knowledge of the amounts of contributions that it is liable to pay each month, and has a fiduciary obligation to accurately report the amount to the Trust Fund.

7. Defendant has breached both the provisions of the collective bargaining agreement and the Trust Agreement above referred to by failing to complete and send in monthly reports and/or to pay all moneys due thereunder on behalf of defendant's employees to the TRUST FUND. Said breach constitutes a violation of ERISA (29 U.S.C. 1002, et seq.) and of the National Labor Relations Act of 1947.

8. Pursuant to the terms of the collective bargaining agreement there is now due, owing and unpaid from defendant to the TRUST FUND contributions for hours worked by covered employees for the months of November and December 2006 and liquidated damages and interest which are specifically provided for by said agreements. The total amount due is unknown; additional monthly amounts may become due during the course of this litigation and in the interest of judicial economy, recovery of said sums will be sought in this case. Interest is due and owing on all principal amounts due and unpaid at the legal rate from the dates on which the principal amounts due accrued. The total amount due in this paragraph is unknown at this time, except to the defendant.

9. Demand has been made upon said defendant, but defendant has failed and refused to pay the amounts due the TRUST FUND or any part thereof; and there is still due, owing and unpaid

1  from defendant the amounts set forth in Paragraph 8 above.

2      10.  The Trust Fund does not at this time seek to audit
3  the books and records of defendant.  The only issue raised in this
4  complaint is defendant's failure to complete and file voluntary
5  monthly reports and pay the contributions due.  The Trust Fund
6  seeks to obtain a judgment for any outstanding delinquent
7  contributions based on defendant's reports and to reserve the right
8  to audit defendant for this or any other unaudited period.

9      11.  The Trust Agreement provides that, in the event suit
10 is instituted to enforce payments due thereunder, the defendant
11 shall pay court costs and a reasonable attorneys' fee.  It has been
12 necessary for plaintiff to employ ERSKINE & TULLEY, A PROFESSIONAL
13 CORPORATION, as attorneys to prosecute the within action, and a
14 reasonable attorneys' fee should be allowed by the Court on account
15 of the employment by plaintiff of said attorneys.

16     WHEREFORE, plaintiff prays:

17     1.  That the Court render a judgment on behalf of
18 plaintiff for all contributions due and owing to the date of
19 judgment, plus liquidated damages provided for by the contract,
20 interest at the legal rate, reasonable attorneys' fees incurred in
21 prosecuting this action and costs.
22 ////
23 ////
24 ////
25 ////
26 ////
27 ////
28 ////

COMPLAINT     4

[J:\WP Docs\COMPLAINTS\PRINTING SPECIALTIES, ETC. H&W FUND\COMPLAINT-SILICON VALLEY CONTAINER-REGULAR DELINQUENCY 8-07.wpd]

1 ////

2 ////

3

4     2.   That the Court reserve plaintiff's contractual right
5 to audit defendant for months prior to judgment, and in the event
6 of such audit, collect any additional sums which may be due.
7     3.   That the Court retain jurisdiction of this cause
8 pending compliance with its orders.
9     4.   For such other and further relief as the Court deems
10 just and proper.

11 DATED: August 8, 2007           ERSKINE & TULLEY
                                  A PROFESSIONAL CORPORATION
12

13
                                  By:   /s/ Michael J. Carroll
14                                      Michael J. Carroll
                                        Attorneys for Plaintiff
15

COMPLAINT                                                      5

[J:\WP Docs\COMPLAINTS\PRINTING SPECIALTIES, ETC. H&W FUND\COMPLAINT-SILICON VALLEY CONTAINER-REGULAR DELINQUENCY 8-07.wpd]